IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| REX FLOYD RAMMELL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 23-CV-00052-SAH |
| K.C. LEHR AND TY HUFFMAN, | ) ) ) |
| Defendants. | ) |

FILED
12:11 pm, 7/20/23
U.S. Magistrate Judge

## ORDER GRANTING DEFENDANTS' JOINT MOTION TO STRIKE PLAINTIFF'S SUPPLEMENTAL MEMORANUM IN OPPOSITION TO DEFENDANTS' JOINT MOTION TO DISMISS [ECF NO. 16]

On June 30, 2023, Defendants filed a Joint Motion to Strike Plaintiff's Supplemental Memorandum In Opposition to Defendant's Joint Motion to Dismiss. ECF No. 16. Plaintiff is a pro se litigant without CM/ECF access to file his own documents. The Supplemental Memorandum [ECF No. 15] Defendants wish to strike was signed on June 20, 2023, stamp mailed on June 21, 2023, and filed by the Clerk of Court on June 26, 2023.

**PROCEDURAL HISTORY**

Plaintiff filed his Amended Complaint on April 10, 2023, arguing violations of his 4th Amendment rights by Defendants. ECF No. 2. In response to the Amended Complaint, Defendants filed a Joint Motion to Dismiss and Memorandum [ECF Nos. 9, 10] on May 19, 2023. Fourteen (14) days later, on June 2, 2023, Plaintiff filed his Response [ECF No. 12] to the Joint Motion to Dismiss. Seven days after the Response, Defendants filed their Reply. ECF No. 13. Twelve (12) days after the Reply was filed, Plaintiff mailed in a "Supplemental Memorandum in Opposition to Defendant's [sic] Joint Motion to Dismiss." ECF No. 15.

**FEDERAL RULES OF CIVIL PROCEDURE AND LOCAL RULES**

Local Rule 7.1(b)(2) sets out the procedure the parties shall follow for dispositive motions, such as Defendants' Joint Motion to Dismiss. Once a dispositive motion and a written brief are filed, the opposing party has fourteen (14) days to respond to said motion. Local Rule 7.1(b)(2)(A). This Court did not set a hearing on the Motion to Dismiss, therefore Defendants were within their procedural right to file a Reply brief within seven (7) days after the filing of Plaintiff's Response. There is no Local Rule directly addressing surreplies, but Local Rule 7.1(c)(4) directly addresses any supplemental documents and states, "Unless the Court otherwise orders, no party may file any supplemental documents, exhibits and/or affidavits less than three (3) working days prior to any hearing." Although not explicitly dictated, a surreply or supplemental response is not permitted sans permission of the Court. *See Tolman v. Stryker Corp.*, 2013 U.S. Dist. LEXIS 37954, *2 (D. Wyo. Feb. 22, 2013) (internal citations omitted) ("While the Local Rules do not explicitly prohibit filing a surreply, it is accepted practice in this and other courts in the 10th Circuit, to not permit a surreply without leave of the court."); *and Robinson v. Rimex, Inc.*, 2019 U.S. Dist. LEXIS 249116, *ft n. 2 (D. Wyo. Feb. 25, 2019).

IT IS HEREBY ORDERED:

Defendants' Joint Motion to Strike Plaintiff's Supplemental Memoranda in Opposition to Defendants' Joint Motion to Dismiss is GRANTED. Local Rule 7.1(b)(2) and 7.1(c)(4) provides guidance regarding any supplemental documents or surreplies. Plaintiff did not request through motion, or other means, to file the supplemental documents, nor did he respond to Defendant's Joint Motion to Strike. THEREFORE, the Clerk's Office is directed to STRIKE the Supplemental

Memoranda at ECF No. 15 and the Court will not consider it as part of Plaintiff's Response [ECF No. 12] to Defendant's Joint Motion to Dismiss [ECF No. 9].

DATED this 20th day of July, 2023.

_____
Stephanie A. Hambrick
UNITED STATES MAGISTRATE JUDGE